*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0807**

State of Minnesota,
Respondent,

vs.

Maxwell Robert Flynn,
Appellant

**Filed April 11, 2016
Affirmed
Worke, Judge**

Olmsted County District Court
File No. 55-CR-13-678

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn M. Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Johnson, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his criminal-sexual-conduct conviction, arguing that the prosecutor improperly vouched for the truthfulness of the victim's testimony. We affirm.

A jury found appellant Maxwell Robert Flynn guilty of third- and fourth-degree criminal sexual conduct—sexual penetration and sexual contact with a complainant who is mentally impaired, mentally incapacitated, or physically helpless. *See* Minn. Stat. §§ 609.344, subd. 1(d), .345 subd. 1(d) (2012). He argues that the prosecutor committed prejudicial misconduct by vouching for the victim's testimony in closing argument.

Flynn did not object to the alleged misconduct. This court reviews unobjected-to alleged prosecutorial misconduct under a modified plain-error test. *State v. Carridine*, 812 N.W.2d 130, 146 (Minn. 2012). Three prongs must be satisfied under this test: there must be error, that is plain, and that affected the defendant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). The defendant must establish the first two prongs of the test before the burden shifts to the state to prove that the error did not affect the defendant's substantial rights. *Carridine*, 812 N.W.2d at 146. If the three prongs are satisfied, this court assesses "whether it should address the error to ensure fairness and the integrity of the judicial proceedings." *Griller*, 583 N.W.2d at 740.

A prosecutor has "considerable latitude" in a closing argument. *State v. Williams*, 586 N.W.2d 123, 127 (Minn. 1998). In analyzing whether a prosecutor committed misconduct during closing argument, this court considers "the closing argument as a whole rather than focus[ing] on particular phrases or remarks that may be taken out of context or given undue prominence." *State v. Jackson*, 714 N.W.2d 681, 694 (Minn. 2006) (quotations omitted). A conviction will be reversed due to prosecutorial misconduct "only if the misconduct, when considered in light of the whole trial, impaired

the defendant's right to a fair trial." *State v. Swanson*, 707 N.W.2d 645, 658 (Minn. 2006).

We must first determine whether the prosecutor's comment constituted error. Flynn argues that the prosecutor improperly vouched for the victim's truthfulness by making the following statement: "She swore an oath to tell the truth, she was here to testify about what happened . . . and that's what she did . . . ."

"A prosecutor may not personally endorse the credibility of a witness or impliedly guarantee a witness's truthfulness." *Jackson*, 714 N.W.2d at 696. But a prosecutor may make arguments about a witness's credibility. *State v. Fields*, 730 N.W.2d 777, 785 (Minn. 2007). A prosecutor's comments that a witness was "very sincere" and "very frank in his testimony" do not constitute improper vouching. *State v. Smith*, 825 N.W.2d 131, 139 (Minn. App. 2012), *review denied* (Minn. Mar. 19, 2013).

Here, Flynn fails to show error. The prosecutor stated that the victim "swore an oath to tell the truth." She took that oath. Then he stated that "she was here to testify about what happened . . . and that's what she did." This is not vouching for the victim's truthfulness; instead, it is a statement regarding what happened—the victim gave her account about what happened. Because Flynn fails on the first prong of the plain-error test, our analysis concludes here.

**Affirmed.**